UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY KENYON,

        Plaintiff,

v.	Case No. 1:16-cv-1030
    Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
                                      /

**OPINION**

Plaintiff has filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of one or more orders entered by the Commissioner of the Social Security Administration (Commissioner). This matter is now before the Court on defendant's motion to dismiss plaintiff's action for lack of jurisdiction because the complaint is untimely (docket no. 5). The motion is unopposed.

    **I.**    **Legal standard**

Defendant brings this motion pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. *See Rauch v. Day & Night Manufacturing Corp.*, 576 F.2d 697, 702 (6th Cir. 1978) ("[w]hile the seven enumerated defenses in Rule 12(b) do not expressly mention an objection based on the bar of the statute of limitations, the prevailing rule is that a complaint showing on its face that relief is barred by an affirmative defense is properly subject to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted").

Judicial appeals of Social Security decisions are authorized by 42 U.S.C. § 405(g), which provides in pertinent part that:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g) (emphasis added). The regulations further provide that such a civil action:

> must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision . . . is received by the individual. . . For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision . . . shall presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c).

The statute of limitations as set forth in § 405(g) serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). Courts have strictly construed the statute of limitations in Social Security appeals. "Even one day's delay in filing the action is fatal." *Wiss v. Weinberger*, 415 F. Supp. 293, 294 (E.D. Pa. 1976); *Davidson v. Secretary of Health, Education and Welfare*, 53 F.R.D. 270, 271 (N.D. Okla. 1971). *See also Watson v. Commissioner of Social Security*, No. 1:06-cv-446 (W.D. Mich. Sept. 10, 2007) (appeal dismissed as untimely when filed four days late); *Zampella v. Barnhart*, No. 03-232-P-C, 2004 WL 1529297 (D. Me. June 16, 2004) ("[w]hile this result might be considered harsh, delays of a single day have been held to require dismissal"); *White v. Secretary of Health, Education & Welfare*, 56 F.R.D. 497, 498 (N.D.N.Y. 1972).

However, this limitation is not jurisdictional and is subject to equitable tolling. *See Bowen*, 476 U.S. at 478-82 (applying equitable tolling to the 60-day limitations period when the agency engaged in "secretive conduct"). In this regard, the Court considers five factors in determining whether to toll the statute of limitations in a Social Security Appeal:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook v. Commissioner of Social Security*, 480 F.3d 432, 437 (6th Cir. 2007).

### II. Discussion

Here, plaintiff filed an application for supplemental security income (SSI). On January 20, 2015, an Administrative Law Judge (ALJ) issued a decision denying benefits. *See* Roxie Rasey Nicoll Decl. (docket no. 5-1, PageID.22-25); ALJ's Decision (docket no. 5-1, PageID.37). On May 12, 2016, the Appeals Council mailed plaintiff a "Notice of Appeals Council Action" denying plaintiff's request for review and advising plaintiff that he had 60 days to file a civil action for court review. *See* Notice (docket no. 5-1, PageID.38-41). The Notice also advised plaintiff that:

> The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

*Id.* at PageID.40. The Notice further advised plaintiff that if he cannot file for court review within 60 days, he "may ask the Appeals Council to extent your time to file." *Id.*

Based on this record, plaintiff was required to file his civil action by no later than July 16, 2016. Because that date fell on a Saturday, his filing would be due on Monday, July 18, 2016. *See* Fed. R. Civ. P. 6(a)(1)(C). Plaintiff, however, did not file his complaint in this action until

3

August 17, 2016.  *See* Compl. (docket no. 1).  There is no record of plaintiff filing an extension of time with the Appeals Council.  *See* Nicoll Decl. at PageID.24.  Finally, plaintiff has presented no basis to apply equitable tolling in this case. Accordingly, plaintiff's complaint is untimely and will be dismissed on that basis.

### III.  Conclusion

For these reasons, defendant's motion to dismiss (docket no. 5) will be **GRANTED** and plaintiff's untimely complaint will be **DISMISSED**.

Dated:  January 12, 2017         /s/ Ray Kent
                                 RAY KENT
                                 United States Magistrate Judge